**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT LARS PAPE,<br><br>            Petitioner,<br><br>   v.<br><br>GISELLE MATTESON, Warden,<br><br>          Respondent. | Case No. 5:23-cv-00353-HDV (SSC)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the records on file, and the Report and Recommendation ("Report") of the United States Magistrate Judge.  Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

The Report recommends the denial of the Petition and the dismissal of this action with prejudice.  (ECF No. 33.)  Petitioner's objections to the Report (ECF No. 38) do not warrant a change to the Report's findings or recommendations.

Petitioner objects that the Court's deference to the state court's decision is no longer required under 28 U.S.C. § 2254(d) and, further, such deference is "impermissible."  (ECF No. 38 at 12-25.)  To the contrary, deference is required, as the Supreme Court recently noted.  *See Andrew v. White*, 604 U.S.__, 145 S. Ct. 75,

82-83 (2025) (*per curiam*) (noting "the deference federal habeas courts must extend
to a state court's 'application of' [the Supreme] Court's precedent" and remanding
the case for an inquiry under that standard in the first instance).  The Report
properly recognized and applied the deference required by 28 U.S.C. § 2254(d) to
the state court's adjudication of Petitioner's federal claims.

For Claim One, Petitioner objects that the ten-year delay between the crimes
and the prosecution violated his right to due process.  (ECF No. 38 at 25-37.)
Petitioner argues that he was actually prejudiced by the loss of critical evidence,
consisting of the testimony of Norma Hanna, her computer and videogame
software, and cellphone tower data.  (*Id*. at 28-35.)  As the Report found, the
alleged prejudice from the unavailability of this evidence is speculative, not
concrete.  (ECF No. 33 at 30-31.)  It is speculative that the evidence from Ms.
Hanna would have corroborated Petitioner's account or that the cellphone tower
data ever existed.  (*Id*.)  Although Petitioner further argues that the State had no
legitimate reasons for the charging delay (ECF No. 38 at 35-37), he is not entitled
to relief for that argument because, as the Report found, he failed to establish actual
prejudice (ECF No. 33 at 28).

For Claim Two, Petitioner objects that the exclusion of third-party culpability
evidence violated Petitioner's constitutional right to present a defense.  (ECF No.
38 at 37-49.)  As the Report found, the third-party culpability evidence might have
showed motive and opportunity for possible other perpetrators, but it showed little
else.  (ECF No. 33 at 44.)  Petitioner's defense suggested that it would require at
least eight witnesses to present a third-party culpability theory, "which would have
turned into a trial within the trial." (*Id*.)  Given that the evidence of third-party
culpability was lacking, any error in excluding that evidence was harmless.  (*Id*. at
45.)  Thus, Petitioner failed to show a violation of his federal rights by the
exclusion of this evidence.  Finally, although Petitioner further argues that there
was no state court adjudication of a federal claim to which the Court should defer

(ECF No. 38 at 42), Petitioner has not rebutted the strong presumption that the state court did adjudicate, without expressly saying so, the federal claim on the merits. After explaining, in great detail over several pages, why the third-party culpability evidence was properly excluded for its minimal probative value (ECF No. 15-41 at 31-39), the state court may have regarded the federal claim as "too insubstantial to merit discussion." *Johnson v. Williams*, 568 U.S. 289, 299 (2013). Thus, the Report properly reviewed the federal claim with deference to the state court's decision.

For Claim Three, Petitioner objects that he was prejudiced by the admission of hearsay testimony regarding a statement the victim had made, on the evening of her death, about expecting to meet Petitioner that day. (ECF No. 38 at 49-52.) As the Report found, a violation of state evidentiary rules is not cognizable in a federal habeas action. (ECF No. 33 at 49.) Moreover, because the statement was not testimonial, no Confrontation Clause violation could have occurred. (*Id*.) And although Petitioner argues that there was no state court adjudication of a Confrontation Clause claim to which the Court should defer (ECF No. 38 at 51), given that the victim's statement clearly was not testimonial, the state court may have simply regarded such a claim as "too insubstantial to merit discussion." *Johnson*, 568 U.S. at 299.

For Claim Four, Petitioner objects that the admission of speculative, unreliable cell tower evidence violated his constitutional rights. (ECF No. 38 at 52-56.) Petitioner's argument that the evidence should have been excluded as scientifically unreliable under *Daubert v. Merrell Dow Pharms., Inc*., 509 U.S. 579 (1993), or under California's *Kelly/Fry* standard, is not cognizable in a federal habeas action. *See Caldeira v. Janda*, 2013 WL 6284048, at *7 (C.D. Cal. Dec. 4, 2013) (*Daubert* and *Kelly/Frye* claims are not cognizable in federal habeas actions) (collecting cases). And as the Report further found, a federal due process violation from the erroneous admission of evidence occurs "[o]nly if there are *no* permissible

inferences the jury may draw from the evidence." (ECF No. 33 at 54 (quoting *Jammal v. Van de Kamp*, 926 F.2d 918, 920 (9th Cir. 1991).)    The cell tower evidence raised a permissible inference that Petitioner and his co-perpetrator "had the opportunity to commit the murders because they were traveling together toward [the victim's] house shortly before the murders, their cellphones then stopped communicating for several hours, and the phones did not resume communication until after the crime." (ECF No. 33 at 55.)  And although Petitioner again argues that there was no state court adjudication of a federal claim to which the Court should defer (ECF No. 38 at 55), Petitioner did not rebut the strong presumption that the state court did silently adjudicate a federal claim on the merits.  The state court found that the cell tower evidence was relevant to issues in the case.  (ECF No. 15-41 at 42-44.)  When the evidence is relevant, a court "need not explore further" the claim that admission of that evidence violates due process.  *Estelle v. McGuire*, 502 U.S. 62, 70 (1991).  Thus, the state court may have simply regarded a federal due process claim as "too insubstantial to merit discussion."  *Johnson*, 568 U.S. at 299.

For Claim Five, Petitioner objects that the admission of the preliminary hearing testimony of J. Witt, a witness who later was unavailable for trial because he invoked the Fifth Amendment, violated Petitioner's right to confrontation.  (ECF No. 38 at 57.)  As the Report found, Petitioner failed to show entitlement to relief. Petitioner had an adequate opportunity to cross-examine the witness at the preliminary hearing about his possible bias and motives, and Petitioner also presented additional evidence during the trial about the witness's felony conviction for impersonating a peace officer and other bad acts.  (ECF No. 33 at 63-64.)

For Claim Six, Petitioner objects that he is entitled to relief because of the exclusion of critical impeachment evidence that J. Witt, the same witness, had mentioned a reward for helping with the case.  (ECF No. 38 at 58-59.)  As the Report found, Petitioner failed to show a violation of his constitutional rights.

Evidence of the reward was marginally relevant, given that this witness was aggressively and thoroughly impeached at trial.  (ECF No. 33 at 73-74.) Specifically, as the state court detailed, this witness "was convicted of impersonating a peace officer.  He impersonated [another person] in conversation with the defense investigator.  He said that he resigned from his waterpark job, but the evidence suggested that he was terminated for threatening the manager's life. He threatened a neighbor with a gun and had an arrest for another firearm evidence."  (ECF No. 15-41 at 63.)  Given this thorough impeachment, evidence of this witness mentioning a reward would have added little.  And although Petitioner again argues that there was no state court adjudication of a federal claim to which the Court should defer (ECF No. 38 at 59), given that the excluded evidence had minimal value, the state court may have simply regarded the federal claim as "too insubstantial to merit discussion."  *Johnson*, 568 U.S. at 299.

For Claim Seven, Petitioner objects that cumulative errors warrant relief. (ECF No. 38 at 59-60.)  As the Report found, because there was no prejudicial constitutional error, there was no prejudice to accumulate.  (ECF No. 33 at 74.)

IT IS ORDERED that (1) the Report and Recommendation is accepted and adopted; and (2) Judgment will be entered denying the Petition and dismissing this action with prejudice.

DATED:  _04/15/25___

_____
HERNÁN  D. VERA
UNITED STATES DISTRICT JUDGE